UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


PHILLIP FRANKLIN                              CIVIL ACTION

VERSUS                                        NO: 06-5858

STATE FARM INSURANCE COMPANY                  SECTION: "J"(1)


### ORDER AND REASONS

Before the Court is Plaintiff'S **Motion to Remand to Civil District Court (Rec. Doc. 7)**. This motion was opposed and was set for hearing on the briefs on October 11, 2006. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that Plaintiff's motion should be granted.

### Factual Background

Plaintiff sued Defendant State Farm in state court alleging that Hurricane Katrina damaged his property that was covered by an insurance policy issued by Defendant.  Plaintiff asserts that his property was mainly damaged by flood and was damaged to a lesser extent by wind as a result of Hurricane Katrina (Plaintiff claims that this wind damage was covered by his homeowner's policy with Defendant).  Thereafter, a fire completely destroyed Plaintiff's home.

Defendant removed this matter to federal court on the basis of diversity jurisdiction.  Plaintiff now requests that this Court remand this action to state court based on his assertion

1

that removal was improper because the $75,000 amount in controversy requirement is not satisfied.

In his petition, Plaintiff requests damages, penalties, and attorneys fees. He also seeks reimbursement for interest payments and penalties that allegedly were incurred on his credit and mortgage obligations. Last, he seeks damages for emotional distress he allegedly suffered as a result of Defendant's failure to honor its insurance policy.

## Discussion

Plaintiffs claim that the amount in controversy "at the time of the filing" is not satisfied - even when potential penalties and attorneys fees are included in the estimate. He then points to an estimate from an independent insurance adjuster whom he hired and states that a review of the estimate demonstrates that the majority of the damage relates to the subsequent fire damage - which is unrelated to this suit. In other words, Plaintiff claims the remainder (relating to wind damage) is below the jurisdictional amount.[1]

---

[1] It should be noted that this estimate is indecipherable. The Court finds it is impossible to determine what part of the estimate relates to fire damage and what part relates to wind damage. In fact, the first part of the estimate shows a "date of loss" of 8/6/05. This date is nonsensical as Plaintiff claims the property was damaged by the winds of Hurricane Katrina (which occurred on 8/29/05), then was destroyed by a subsequent fire). The second part of the estimate shows a date of loss of 8/29/05. Therefore, the Court is left wondering whether the fire actually occurred before Katrina, or whether the date of loss in the first part of the estimate is incorrect. Plaintiff offers the Court no guidance in deciphering this estimate, yet simply attaches it to his motion. However, for the reasons stated herein, the clarity of this estimate makes no

In its Opposition, Defendant claims the amount in controversy, per Plaintiff's own Petition, exceeds $75,000. This Court determines otherwise. Plaintiff's petition, in accordance with Louisiana laws, does not state *any* damage amounts; therefore, it is difficult to say how Defendant jumps to the conclusion that it is "facially apparent" that the amount in controversy is satisfied. Also, in an attempt to shift the burden of proving amount in controversy at the time of removal to Plaintiff, Defendant argues that Plaintiff failed to file a binding stipulation. Essentially, Defendant's main argument is that the coverage limits of the policies are greater than $75,000.

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. See 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir.1995). Statutes conferring removal jurisdiction are strictly construed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988). The removing party bears the burden of showing that federal jurisdiction exists and that removal was

---

difference in the Court's conclusion that Defendant has failed to satisfy its burden of proof in proving by a preponderance of the evidence that the $75,000 amount in controversy requirement was satisfied at the time of removal.

proper. De Aquilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.1995); Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir.1993) (per curiam); Willy, 855 F.2d at 1164.

Where a plaintiff's complaint does not allege damages, the burden is on the removing defendant to establish by a preponderance of the evidence that the jurisdictional amount exists. Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 638-39 (5th Cir. 2003).  A defendant may establish this in one of two ways: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the facts in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount." Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5 Cir.1999) (internal quotations omitted; emphasis in original), see also, Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5 Cir.1999).

As referenced above, Plaintiff does not allege specific amounts he is seeking under the insurance policy in his state court petition - as Louisiana law does not permit him to plead a specific amount of money damages.  In the Petition, Plaintiff also does not claim that he is entitled to the full value of the insurance policy. Plaintiff states that the amount in controversy does not exceed $75,000. Defendant, on the other hand, largely premises its argument that the amount in controversy is met based

on its assertion that coverage limits are over the $75,000 jurisdictional requirement. Defendant attaches two decisions that purportedly stand for the proposition that the motion to remand should be denied. However, the two decisions are dissimilar to the instant case in that Plaintiffs in both cases were seeking the full value of their insurance policies.

This Court addressed this very same issue in <u>Southall v. St. Paul Travelers Ins. Co.</u>, 2006 WL 2385365 (E.D. La. August 16, 2006). Citing a decision by Judge Vance in <u>Atkins v. Lexington Ins. Co.</u>, 2006 WL 1968895 (E.D. La. 2006), this Court granted remand and concluded that it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy.

In <u>Atkins</u>, the defendant similarly rested its removal petition on an assertion as to the value of the underlying policy, though there was no indication from the petition that the plaintiff sought to recover the full value of the policy. Judge Vance explained:

> In a claim based on recovery under an insurance policy, it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy, unless the value of the claim exceeds the value of the policy. <u>Hartford Ins. Grp. v. Lou-Con Inc.</u>, 293 F.3d 908, 911 (5th Cir.2002) (declaratory judgment action); <u>see also Sea Trek, Inc. v. Sunderland Marine Mut. Ins. Co<u>.</u></u>, 1995 WL 442062 at *1 (E.D.La.1995) (calculating the amount in controversy based on receipts and affidavits as to actual damages suffered).

Id. at *3.  Similarly, in Atkins, the defendant  asserted that the damages claimed by plaintiff would satisfy the amount in controversy; however, it did not attach support in the form of damage estimates for that assertion. The plaintiff in Atkins claimed he was entitled to coverage from the defendant for items such as roof damage to his living premises and detached garage; ceiling damage in several rooms; mold and mildew damage to carpets in several rooms; replacement of "entire lawn grass;" mold/mildew treatment of, or removal from, air conditioning ducts, floors, and outside walls; replacement of 22 foot custom curtains; replacement of his refrigerator and other appliances; and "such other damages that may be concealed."  Judge Vance concluded:

> Although plaintiff claims a variety of damages to his home and property in his complaint, it is not facially apparent that his claims are for more than $75,000, especially in the absence of any specific claims about the extent of the damage to his property. For example, the cost of roof repair could vary widely depending on the damage, the type of roof, its size, and many other factors. The same is true of the other types of damage that plaintiff claims. The complaint also does not indicate the likely cost of the additional living expenses Atkins claims.

Id.  Here, Plaintiff provided an estimate of the amount of damage.  Although this estimate is unclear - to say the least; Defendant did not provide an estimate indicating damage estimates to the contrary.

Also, in Atkins, the plaintiff claimed penalties and

attorney's fees under La.Rev.Stat. § 22:1220. Judge Vance explained:

> Louisiana law allows recovery for attorney's fees and penalties when an insurer has been arbitrary or capricious in denying a claim. Under these circumstances, the Court is to consider claims for these items when it assesses the amount in controversy. See, e.g., Poynot v. Hicks, 2002 WL 31040174 at *3 (E.D.La.2002). Under section 22:1220, an insurer that fails to pay a claim upon satisfactory proof of loss is subject to "penalties in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater," if its failure was arbitrary and capricious. La.Rev.Stat. § 22:1220; see Hannover Corp. of America v. State Farm Mutual Auto. Ins. Co., 67 F.3d 70, 75 (5th Cir.1995) (holding that a plaintiff must show damages arising from the breach to recover any more than $5,000). Section 22:1220 requires proof of actual damages from the insurer's breach. Here, [the plaintiff] does not indicate in his complaint the amount of damages he sustained from [the defendant]'s breach, if any.

Id.  Ultimately, the Atkins court concluded that based on the facts alleged in the plaintiff's petition, it was not facially apparent that the amount in controversy was greater than $75,000. The Court noted that the defendant had not submitted any evidence indicating that the plaintiff's claims exceeded $75,000. Therefore, the Court granted the plaintiff's motion to remand.

This case is similar to both Southall and Atkins.  It is not "facially apparent" from the petition that the $75,000 amount in controversy requirement is met.  Plaintiff's petition does not specify the monetary value of his damages and, on its face, the petition does not provide sufficient information to infer what

amount of damages is reasonably at issue.

Defendant's removal papers fail to satisfy the requirement that it set forth facts in controversy that support a finding of the requisite amount, and Defendant has certainly not proven by a preponderance of the evidence that $75,000.00 is at issue in this case.  Accordingly,

**IT IS ORDERED** that Plaintiff'S **Motion to Remand to Civil District Court (Rec. Doc. 7)** should be and hereby is **GRANTED**.

New Orleans, Louisiana this 10th day of October, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE